IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JOYCE BYRD, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) No. 11-CV-3431 ) |
| SECRETARY OF STATE, | ) ) ) |
| Defendant. | ) |

## ORDER

**BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:**

Before the Court is *pro se* Plaintiff's "Amended Complaint" (d/e 5) and Motion for Reconsideration on Order Denying Motion to Appoint Counsel (d/e 6). The Court finds that Plaintiff's "Amended Complaint" is insufficient. The amended complaint (d/e 5) does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and does not give the Defendant fair notice of the claim against it.  *See* Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 47 (1957).  Plaintiff is directed to file a complete complaint setting forth all of her claims and to file it as her "Second Amended Complaint" on or before

May 4, 2012.  Plaintiff is further advised by the Court that it is her responsibility to serve summons and complaint on the Defendant in accordance with the Federal Rules of Civil Procedure.

Further, the Court has again reviewed *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) as to her financial status.  The Court notes that Plaintiff is employed and receives other income.  Plaintiff is not indigent and does not qualify for appointment of counsel.  Civil litigants have no constitutional or statutory right to be represented by counsel in federal court.  <u>Zarnes v. Rhodes</u>, 64 F.3d 285, 288 (7th Cir., 1995).  The decision to appoint counsel lies within the broad discretion of the Court.  <u>Jackson v. County of McLean</u>, 953 F.2d 1070, 1071 (7th Cir., 1992).

The Court concludes that appointment of counsel is not warranted in this case at this time. The Plaintiff has alleged no physical or mental disability that might preclude her from adequately investigating the facts giving rise to her complaint. The Plaintiff appears more than capable of presenting her case.

The Plaintiff has not shown any specific attempt to retain counsel. The Court grants *pro se* litigants wide latitude in the handling of their lawsuits.

Therefore, Plaintiff's Motion for Reconsideration on Order Denying Motion to Appoint Counsel [6] is DENIED.

ENTERED:   April 19, 2012

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE